IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DESIREE ANN SHAW, #769352 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv32 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Petitioner Desiree Ann Shaw, a prisoner confined in the Texas prison system, brings, pursuant to 28 U.S.C. § 2254, this petition for a writ of habeas corpus challenging her conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

**Procedural Background**

On December 5, 1996 (*Shaw v. State*, No. 09-97-021 CR at cover (Tex. App.–Beaumont 1998)), in the 159th District Court of Angelina County, Texas, a jury convicted Desiree Shaw of murdering her husband and assessed as punishment a thirty-two year term of imprisonment in the Texas Department of Criminal Justice, Institutional Division (*Shaw v. State*, 1998 WL 105596 at 1 (Tex. App.–Beaumont Mar. 11, 1998)). The conviction was affirmed on appeal on March 11, 1998. *Shaw v. State*, 1998 WL 105596 at 1. The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on June 24, 1998. *Shaw v. State*, 1998 WL 105596.

**State Habeas Corpus Proceedings**

On August 30, 2001, Petitioner filed her first petition for state writ of habeas corpus. *Ex*

*parte Shaw*, Application No. 53,448-02,[1] Clerk's Record I dated October 22, 2002, at 8, and Clerk's Record III dated April 21, 2003, at 5. The Court of Criminal Appeals denied the application on July 2, 2003. *Ex parte Shaw*, Application No. 53,448-02, Action Taken after Returned from Remand, at cover.

On September 4, 2003, Petitioner filed an application for writ of mandamus. *Ex parte Shaw*, Application for Writ of Habeas Corpus, Trial Court Writ No. CR-19058-AA at index. On November 17, 2003, Petitioner filed another application for state writ of habeas corpus. *Ex parte Shaw*, Application No. 53,448-03 at 2. Respondent asserts that this was the second state application for habeas corpus. *Response* at 2. The district court noted that this was Petitioner's fourth application for writ of habeas corpus. *Ex parte Shaw*, Application No. 53,448-03 at index, 273, and 275. The Court of Criminal Appeals dismissed the application as a statutory abuse of the writ on January 21, 2004. *Ex parte Shaw*, Application No. 53,448-03 at cover. On August 5, 2004, Petitioner filed another application for state writ of habeas corpus. *Ex parte Shaw*, Application No. 53,448-04 at 4. The Court of Criminal Appeals dismissed the application as a statutory abuse of the writ on November 24, 2004. *Ex parte Shaw*, Application No. 53,448-04 at cover.

On January 19, 2005, Petitioner filed the present petition challenging her conviction. Petitioner asserts that she did not shoot her husband, but that he shot himself.

**Standards and Discussion**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

---

[1] Petitioner's first state application for writ of mandamus was numbered 53,448-01. *Application for Writ of Mandamus*, No. 53,448-01.

was signed into law. The law made several changes to the federal habeas corpus statutes. Title 28 U.S.C. § 2244(d)(1) states that a one-year statute of limitations for habeas corpus cases filed by state prisoners shall run from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A));

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B));

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

Petitioner has made no showing that unconstitutional state action prevented her from seeking habeas corpus relief in a timely manner. Petitioner has not shown that she is asserting a newly recognized constitutional right. Petitioner has not shown that she could not have discovered the factual predicates of her claim through exercise of due diligence until a later time. In the present case, the appropriate section to employ is Section 2244(d)(1)(A). Petitioner has not shown that any of the other provisions of § 2244(d) should apply.

Petitioner was sentenced on December 5, 1996. *Ex parte Shaw*, No. CR-19058-AAA at 6. The conviction was affirmed on appeal on March 11, 1998. *Shaw v. State*, 1998 WL 105596 at 1. The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on June 24, 1998. *Shaw v. State*, 1998 WL 105596. The statute of limitations began to run on

September 22, 1998, when the time expired for Petitioner to file a petition for writ of certiorari. The one-year statute of limitations would expire on September 22, 1999, absent tolling provisions.

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). Petitioner filed her first state application on August 30, 2001. *Ex parte Shaw*, Application No. 53,448-02, Clerk's Record I dated October 22, 2002, at 8, and Clerk's Record III dated April 21, 2003, at 5. The state application was filed after the deadline for the present petition to be filed. The pendency of that state application, and any subsequent state applications, for a writ of habeas corpus thus did not effectively toll the deadline.

**Equitable Tolling**

Petitioner filed two replies to Respondent's Response. Petitioner asserts that the state court adjudication of the federal claim resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law and that failure to timely file her state court applications for writ of habeas corpus resulted from circumstances beyond her control. *Second Reply* at 2. Petitioner asserts that her claims present cognizable and prejudicial constitutional issues outweighing the absolute terms of the statute of limitations. *First Reply* at 1. Petitioner asserts that she is entitled to equitable tolling because her timely filing was impeded and/or precluded by state action; problems arising from collateral and related cases; her being a female prisoner, unskilled in law and requiring legal counsel, and having only limited access to the law library; and ineffective assistance of counsel.

The district court has the discretion to equitably toll the AEDPA limitations period in a 28 U.S.C. § 2254 case (*Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir. 2004), *cert. denied* 541 U.S.

1032), but only in extraordinary circumstances (*In re Bagwell*, 401 F.3d 312, 314 n. 2 (5th Cir. 2005); *Salinas*, 354 F.3d at 431). Equitable tolling is a discretionary doctrine (*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied* 531 U.S. 1164) turning on the facts and circumstances of each case (*Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied* 531 U.S. 1035); consequently, equitable tolling does not lend itself to bright-line rules, and the courts draw on general principles to determine when equitable tolling is appropriate (*Fisher*, 174 F.3d at 713).

The petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000). In a 28 U.S.C. § 2254 case, equitable tolling is warranted only in situations where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting her rights. *Salinas*, 354 F.3d at 431. Such extraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which she relies to her detriment. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied* 539 U.S. 918 (2003). As a general rule, equitable tolling has been limited to situations where the petitioner has actively pursued her judicial remedies by filing a defective proceeding during the statutory period, or where the petitioner has been induced or tricked by her adversary's misconduct into allowing the filing deadline to pass. *Clymore v. United States*, 217 F.3d 370, 375 (5th Cir. 2000).

Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied* 526 U.S. 1074 (1999). At the same time, the Court is aware that dismissal of a first federal habeas petition is a particularly serious matter because that dismissal denies the petitioner the protections

of the Great Writ entirely, risking injury to an important interest in human liberty. *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996); *Fisher*, 174 F.3d at 713.

Petitioner asserts that her timely filing was impeded and/or precluded by state action. Petitioner asserts that prior to September 1999, proper filing of her state and federal post-conviction applications was impeded by state action because the state suppressed, concealed, and withheld exculpatory evidence and discovery (*Second Reply* at 1-3 and 13) necessary to access the courts for review (*Second Reply* at 6); that inability to obtain discovery–to discover relevant and necessary facts and records-- prevented her "going forward with the case and proper filing of post-conviction relief" (*Second Reply* at 3) and prevented her from obtaining both notice of what the state tried to prove and opportunity to prepare or present a defense (*Second Reply* at 11); that she was unable to discover the factual predicate of her claims until after the limitations period had expired (*Second Reply* at 4); that the state court's failure to require the trial officials to disclose pertinent facts, evidence, records, and relevant discovery critical to the case, has prevented Petitioner from properly filing an effective, meaningful post-conviction application (*Second Reply* at 8); and that state trial officials and their agents failed to statutorily process grievances, complaints, motions, or state post-conviction applications for relief, thereby impeding Petitioner's necessary discovery (*Second Reply* at 9). Denial of access to trial records is not a basis for equitable tolling of the one-year limitations period for filing a federal habeas petition. *Hughes v. Cockrell*, 2003 WL 21510812, 2 (N.D. Tex. Mar. 31, 2003).

Petitioner's assertion is that state action caused a lack of evidence and an inability for her to discover the factual predicate of her claims and that this state action prevented her timely filing for habeas corpus relief. Her argument is that she was prevented from showing that she did not

shoot her husband and from showing that officials conspired to make her appear to be guilty. Petitioner erroneously implies that she needed to obtain additional evidence before filing for habeas corpus relief. To preserve her ability to pursue habeas corpus relief, she needed to file an application for habeas corpus relief. No lack of evidence kept her from doing so.

Petitioner's references to discovering the factual predicate of her claims are additional assertions that she lacked evidence to show her innocence. Petitioner asserts that her husband shot himself. She has not shown that any state action impeded her "discovering the factual predicate" of this defense. She argues instead that she was not given evidence showing, or allowed to produce or present evidence showing, that her husband shot himself. Again, any alleged lack of evidence did not preclude her filing for habeas corpus relief. Petitioner has not shown that any state action impeded her timely filing for habeas corpus relief.

To the extent that Petitioner asserts actual innocence, her equitable tolling arguments still fail. Claims of actual innocence are insufficient reasons to equitably toll the AEDPA statute of limitations in a 28 U.S.C. § 2254 case. *Cousin*, 310 F.3d at 849.

Petitioner asserts that her timely filing was impeded and/or precluded by problems arising from collateral and related cases. Petitioner asserts that the initial state writ application required explanation of why claims were not presented previously (*Second Reply* at 6); that because Petitioner filed a mandamus request, the state's findings were provided too late for timely response, objection, or defense (*Second Reply* at 7); and that because Petitioner filed a § 1983 case on August 12, 1998, her ability to file a habeas case was delayed (*Second Reply* at 7-8).

Petitioner has not shown that any required explanation in her first state application for habeas corpus impeded her timely filing. The statute of limitations is tolled during the pendency of state

applications for writ of habeas corpus (28 U.S.C. § 2244(d)(2)); however, in this case, the statute already had expired before Petitioner filed her first state application for writ of habeas corpus. Consequently, any delay in her state habeas corpus proceedings is irrelevant because the statute of limitations already had expired.

Petitioner offers no plausible explanation of how any state findings were filed too late for her to respond, object, or defend her case, or how those findings affected her ability to timely file for habeas corpus relief. Her assertion that her filing of a civil rights case prevented her from timely filing her habeas corpus petition lacks merit, as well. Petitioner was free to timely file a petition for writ of habeas corpus if she had chosen to do so. Petitioner has not shown that problems from related or collateral cases hindered her ability to timely file her petition.

Petitioner asserts that her timely filing was impeded and/or precluded by her being a female prisoner, unskilled in law and requiring legal counsel, and having only limited access to the law library. Petitioner asserts that she experienced two months and five days of no access to the law library due to power outages and transient status (*Second Reply* at 12) and due to the prison's common practice of limiting that access (*Second Reply* at 18). Petitioner filed her state application for writ of habeas corpus more than twenty-three months after the statute of limitations expired. Even if this Court were to equitably toll the statute of limitations for the two months and five days of alleged lack of access to the law library, her petition still would be time-barred.

She asserts that interviewing witnesses and investigating from prison is a Herculean task for a *pro se*, indigent prisoner. *Second Reply* at 12. Again, Petitioner erroneously contends that she needed to obtain additional evidence before filing a petition for writ of habeas corpus. Illiteracy, lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient

reasons to equitably toll the AEDPA statute of limitations in a 28 U.S.C. § 2254 case. *Felder*, 204 F.3d at 171-72. A petitioner's mistake or ignorance (*United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied* 539 U.S. 952), even of legal rights, generally does not justify equitably tolling the AEDPA statute of limitations in a 28 U.S.C. § 2254 case (*Fisher*, 174 F.3d at 713 n.11). Proceeding *pro se* is insufficient reason to equitably toll the AEDPA statute of limitations in a 28 U.S.C. § 2254 case. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 n. 14 (5th Cir. 2002), *cert. denied* 537 U.S. 1116.

Petitioner asserts that her timely filing was impeded and/or precluded by ineffective assistance of counsel. Petitioner asserts that the Court of Appeals could not consider her claims on the merits because of ineffective assistance of trial counsel on appeal and inadequate briefing to state her claims (*First Reply* at 1); that the attorneys on whom Petitioner relied--before, during, and after trial and for post conviction application--to protect her legal interests, liberties, and claims were negligent and abandoned her (*Second Reply* at 3); that a writ attorney claimed to be preparing her application for state writ of habeas corpus from 1998 through 2001 (*Second Reply* at 4); that trial counsel's failure to present a defense impeded her filing a timely federal post-conviction petition (*Second Reply* at 11); and that trial counsel failed to instruct her of her future post-conviction options, despite her request for such assistance, and she consequently was incapable of determining for herself the proper course of action (*Second Reply* at 11).

Ineffective assistance of counsel is irrelevant to the tolling decision. *United States v. Riggs*, 314 F.3d at 799. Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *Salinas*, 354 F.3d at 431. Equitable tolling of the AEDPA statute of limitations did not apply in a case in which a petitioner was harmed only by the failure, for almost

two years, of his own attorney adequately to investigate the status of the petition. *Cousin*, 310 F.3d at 848. Furthermore, a prisoner is not entitled to counsel during habeas proceedings (*United States v. Riggs*, 314 F.3d at 799); consequently, a prisoner cannot state a claim for ineffective assistance during those proceedings (*Cousin*, 310 F.3d at 848-49).

Petitioner has failed to show that extraordinary circumstances exist justifying equitable tolling of the limitations period. Equitable tolling is not intended for those who sleep on their rights. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *cert. denied* 529 U.S. 1057 (2000). In *Coleman v. Johnson*, the petitioner did not file his federal habeas corpus petition for six months after learning about the state court decision. 184 F.3d at 403. Here, Petitioner waited almost three years after her time to seek direct review of her conviction was final before asserting her first challenge to the validity of this conviction through the state habeas corpus procedures. She has slept on her rights, and her challenge to the validity of her conviction is barred by the statute of limitations.

Petitioner has not shown that any principles of equitable tolling save her petition; consequently, the petition should be dismissed as time-barred. It is accordingly

**ORDERED** that the above-styled application for writ of habeas corpus is **DISMISSED** with prejudice; and

**ORDERED** that all motions pending in this cause are **DENIED**.

So **ORDERED** and **SIGNED** this **4** day of **January, 2006.**

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE